IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HENRY WILLIAMS LEATH, III,

    Petitioner,

v.                                                               CASE NO. 1:08-cv-56-MP-GRJ

WALTER A. MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 7, Petitioner's *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Amended Petition"). The Amended Petition stems from Petitioner's Alachua County convictions for one count of selling a controlled substance within 1,000 fee of a school, one count of possession of crack cocaine and one count of felony petit theft. In the Amended Petition, Petitioner contends that his Eighth Amendment right to be free from cruel and unusual punishment and his Sixth Amendment right to the effective assistance of counsel were violated. Respondent has filed a response (Doc. 21) and Petitioner has filed a reply. (Doc. 23.) Upon due consideration of the Amended Petition, the response, Petitioner's reply, and the state-court record, the undersigned recommends that the Petition be **DENIED**.[1]

### State-Court Proceedings

On March 23, 2005, Petitioner sold a small amount of crack cocaine to

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

undercover police officers within 1000 feet of an elementary school in Gainesville. (Respondent's Appendix Ex. B.) When Petitioner was approached by other officers for the purpose of arresting Petitioner, he fled. Petitioner was apprehended and the buy money was recovered from him. The substance was tested and identified as cocaine. The undercover officers then identified Petitioner on the scene as the person that had sold them the crack cocaine. (Exs. B & G.) On June 18, 2005, in an unrelated incident, Petitioner entered a convenience store, took $13 worth of beer and then fled on a bicycle without paying for the beer. (Exs. D & G.) He was apprehended soon afterwards by police officers, was positively identified by the convenience store clerk on duty when Petitioner stole the beer, and admitted stealing the beer to police officers. (Exs. D & G.)

Petitioner was charged in tow counts in an Amended Information dated July 6, 2005 in Case No. 01-2005-CF-1261-A with the sale of a controlled substance (cocaine) within 1000 feet of a school or child care facility and with possession of a controlled substance (cocaine). (Ex. C.) Petitioner was also charged in a separate Information dated August 19, 2006 in Case No. 01-2005-CF-3742-A with felony petit theft for the convenience store theft. (Ex. E.)

Petitioner signed a plea agreement on September 14, 2005 agreeing to enter a no contest plea to the three counts charged in the two criminal informations in Case No. 01-2005-CF-1261-A and Case No. 01-2005-CF-3742-A. (Ex. F.) The plea petition specifically provided that Petitioner would enter an open plea to the trial court without any agreement from the State regarding a sentence. (Ex. F.) Petitioner's plea petition was accepted by the trial court on October 26, 2005 in open court. (Ex. F.)

At Petitioner's change of plea hearing on October 26, 2005, Petitioner acknowledged to the trial court that he was entering an open plea of nolo contendere and that there was no sentencing agreement with the State. (Ex. G.) Petitioner also acknowledged that he understood the maximum and minimum penalties that he faced with respect to the offenses to which he was pleading guilty. (Ex. G.)

Petitioner had a sentencing hearing on November 9, 2005. (Ex. H.) Petitioner was sentenced to seven years imprisonment on Count I of the Amended Information in Case No. 01-2005-CF-1261-A – three years of which consisted of the statutory minimum mandatory sentence on that charge – and five years imprisonment on Count II of the Amended Information in Case No. 01-2005-CF-1261-A to run concurrent with the sentence imposed on Count I. (Ex. H.) On the petit theft charge, Count I of the Information in Case No. 01-2005-CF-3742-A, Petitioner was sentenced to five years imprisonment to run concurrent with the seven year sentence that was imposed in Case No. 01-2005-CF-1261-A. (Ex. H.) The written judgment, however, differed from the sentence that the trial court had orally imposed, as it did not provide that the sentence in Case No. 01-2005-CF-3742-A was to run concurrent to the sentence imposed in Case No. 01-2005-CF-1261-A.[2] (Ex. J.)

On December 1, 2005, the trial court *sua sponte* corrected an error on the written judgment for the petit felony theft charge in Count I in Case No. 01-2005-CF-3742-A to make the written judgment consistent with the trial court's oral pronouncement. (Ex. K.)

---

[2] As Respondent points out, in Florida the sentence is created by the oral pronouncement. In the event of a conflict between the terms of the written sentence and the oral pronouncement, the oral pronouncement controls. *Blocker v. State*, 968 So. 2d 686, 691 (Fla. Dist. Ct. App. 2007)("It has long been the law that the oral pronouncement of a sentence controls over a written sentence.").

The trial court corrected the sentencing documents *nunc pro tunc* to November 9, 2005 to reflect that the five year sentence on the petit theft charge in Case No. 01-2005-CF-3742-A was to run concurrent to the seven year sentence imposed in Case No. 01-2005-CF-1261-A. (Ex. K.) This correction conformed the documents to the oral pronouncement at Petitioner's sentencing hearing. (Ex. H.)

Petitioner noticed the same problem and filed two state post conviction motions requesting that his sentence be corrected. (Ex. M.) Both motions were filed on December 30, 2005 and both asserted that the written judgment failed to reflect that the sentences in the two cases were to run concurrently. (Ex. M.) The trial court granted Petitioner's motions in an order dated January 20, 2006 and directed the clerk of the court to prepare an amended sentence consistent with the trial court's oral pronouncement at the sentencing hearing. (Ex. N.)

On February 19, 2006 Petitioner filed a motion to mitigate his sentence pursuant to Fla. R. Crim. P. 3.800(c), in which he contended that he had been sentenced outside of the Florida Sentencing Guidelines. (Ex. O.) Petitioner requested that his sentence be reduced on the grounds that his plea agreement purportedly provided that he was to receive a maximum sentence of three years imprisonment for all counts in both cases. (Ex. O.) This motion was denied by the trial court in an order entered on March 3, 2006, in which the trial noted that the written plea petition specifically provided that Petitioner was entering an open plea without a sentencing agreement by the State. (Ex. P.) Petitioner thereafter filed a Notice of Appeal to the First District Court of Appeal appealing the dismissal of his motion to mitigate his sentence. (Ex. L.) The appeal was dismissed on June 8, 2006 on the grounds that the denial of such motions was not

appealable. (Ex. L.)

Petitioner filed another motion for post conviction relief with the trial court on April 13, 2006 again contending that he had been sentenced outside the Florida Sentencing Guidelines. (Ex. Q.) This motion was dismissed on April 24, 2006 by the trial court on the ground that it was not properly filed because Petitioner did not swear to the motion. (Ex. R.)

Petitioner filed another motion for post conviction relief challenging his conviction on August 23, 2006. (Ex. S.) He supplemented this motion on November 8, 2006. (Ex. T.) The motion was denied by the trial court in an order entered on December 19, 2006. (Ex. U.) Petitioner did not appeal that denial. (Ex. L.)

On October 18, 2006, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. (Case No. 1:06-cv-214-MP-AK Doc. 1.) Petitioner also filed an amended petition in that case, which this Court dismissed without prejudice for Petitioner's failure to exhaust his available state court remedies. (Case No. 1:06-cv-214-MP-AK Doc. 17.)

Petitioner filed another motion for post conviction relief with the state trial court on January 12, 2007. (Ex. V.) The trial court entered an order denying the motion on November 15, 2007. (Ex. W.) Petitioner did not appeal this denial. (Ex. L.)

### Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all

federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Section 2254 Standard of Review

For properly exhausted claims, there are limitations on this court's review of state court findings of fact. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already

adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,*

535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

### Ineffective Assistance of Counsel

Because Petitioner's second claim raises the issue of his counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697. The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; see also Tafero v. Wainright*, 796

F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). This standard is objective, and "it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight." *Gordon v. United States*, 496 F.3d 1270, 1281 (11th Cir. 2007). "The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel." *Id*. When the court "can conceive of a reasonable motivation for counsel's actions," it can deny the claim of ineffectiveness without an evidentiary hearing. *Id*. "An ambiguous or silent record is not sufficient to disprove the strong and continuing presumption . . . that [counsel] did what he should have done and that he exercised reasonable professional judgment." *Chandler v. United States*, 218 F.3d 1305, 1314 n.15 (11th Cir. 2000) (en banc). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally

protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler*, 218 F.3d at 1315 n.16. "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*. Where a defendant challenges a not-guilty plea based on ineffective assistance of counsel, he must "show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial." *Coulter v. Herring*, 60 F.3rd 1499, 1504 (11th Cir. 1995) (internal quotations omitted).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000). This

is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether a reasonable lawyer could have acted in the circumstances as defense counsel acted. *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).

### Petitioner's Claims

Petitioner asserts two grounds for postconviction relief in his Amended Petition. Petitioner's first claim for relief is that the trial court imposed a sentence that violated his Eighth Amendment right to be free from cruel and unusual punishment. His second claim for relief is that his counsel was constitutionally ineffective in violation of his Sixth Amendment right to the effective assistance of counsel. Respondent concedes that the Petition was timely filed but contends that Petitioner's two claims are both unexhausted and thus procedurally barred. As the Court will explain in further detail below, each claim is without merit and is also procedurally barred.

1.  **Petitioner's Eighth Amendment Claim**

Petitioner's first claim in the Amended Petition is that the sentencing court violated his Eighth Amendment right to be free from cruel and unusual punishment by purportedly deviating from an "established uniform set of standards" in imposing his sentence. (Doc. 7 at 4.) In the Amended Petition Petitioner states that the sentence imposed by the trial court was not commensurate to the offense for which he was convicted. In support of his contention, Petitioner asserts that the sentencing court "arbitrarily asserted its discretion which in turn resulted in inequitable treatment of the Defendant thus violating Defendants [sic] Constitutional Right." (*Id.* at 14.)

The trial judge who sentenced Petitioner did not arbitrarily abuse his discretion in

sentencing Petitioner. The sentence that Petitioner was given was within the prescribed statutory range for the offenses for which he was convicted. Petitioner was sentenced to seven years imprisonment on an offense for which he could have been given up to forty years. FLA. STAT. § 893.13(1)(c)(1); 775.082(3)(a)(3). Accordingly, because the sentencing judge imposed a sentence that was within the statutory range provided for the offense for which Petitioner was convicted there was no constitutional violation in the sentence that Petitioner received.

In addition, Petitioner was by his own admission well aware of the maximum possible sentence that he faced. Petitioner stated on the record at his change of plea hearing that he had discussed the maximum and minimum penalties with his counsel prior to that hearing. (Ex. G at 5.) The plea petition that Petitioner signed also contained a provision – which Petitioner initialed – that specifically provided that Petitioner had discussed with his counsel the penalties he faced with respect to each charge before Petitioner signed the plea petition.[3]

Moreover, in addition to the fact that there is no merit to Petitioner's argument, Petitioner's Eighth Amendment claim also is procedurally defaulted. Plaintiff filed no fewer than three separate motions for post-conviction relief, all of which were denied by the trial court. Petitioner, however, never appealed any of the orders denying his motions for post-conviction relief with the First District Court of Appeal. Petitioner also did not file a direct appeal of his conviction. Accordingly, Plaintiff's first claim for relief in

---

[3] Petitioner initialed paragraphs 5 and 5.A of the plea petition, which provided that "I have been advised that the statutory maximum possible sentence for the charge(s) to which I am pleading is 40 years imprisonment and/or a fine of $40,000" and that "The mandatory minimum penalty is 3 years mand. min." (Ex. F at 2.)

the Amended Petition is due to be **DENIED** because it is without merit and procedurally defaulted.

### 2. Petitioner's Ineffective Assistance Claim

Petitioner's second claim for relief in the Amended Petition is that his counsel was constitutionally ineffective in violation of his Sixth Amendment right to the effective assistance of counsel. Petitioner specifically contends that his counsel prejudiced Petitioner by not informing him of the State's intent to request that the Petitioner be sentenced as a habitual offender. Petitioner further asserts that he would not have plead nolo contendere in open court as he did if he had been informed of the consequences of an open plea.

As discussed above, a federal court need not address the adequacy of a defendant's counsel's performance where a defendant fails to make a sufficient showing of prejudice. *Strickland v. Washington*, 466 U.S. 668, 697 (1984*); see also Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986). In this case, even assuming Petitioner's counsel did not adequately inform Petitioner of the consequences of being sentenced as a habitual offender, the failure to do so could not have prejudiced Petitioner because the State failed to file the requisite notice for Petitioner to be sentenced as a habitual offender.

At the change of plea hearing, the assistant state attorney assigned to the case, James Fisher, specifically noted that previously he had told Petitioner that he had intended to seek habitualization. Apparently, prior to the sentencing hearing the assistant state attorney was informed by Petitioner's counsel that the assistant state attorney had never filed the required notice to have Petitioner sentenced as a habitual

felony offender.[4] (Ex. H.) In addition, neither the sentencing scoresheet used by the trial court in computing Petitioner's sentence nor the amended written judgment contained a checkmark in the box that is to be checked off when a criminal defendant is sentenced as a habitual offender. (Exs. H, J & K.) Accordingly, because Petitioner was not sentenced as a habitual felony offender Petitioner did not suffer any prejudice.

Furthermore, Petitioner also was clearly aware of the consequences of entering an open plea. At the change of plea hearing Petitioner specifically was informed by his own counsel as well as by the trial court of the consequences of entering such a plea.[5] The plea petition Petitioner signed and initialed also contained a provision that Petitioner's plea would be open without any agreement from the State with respect to the sentence imposed by the trial court.[6]

In addition to the fact that there is no merit to Petitioner's ineffective assistance claim, the claim also is procedurally defaulted. As previously discussed, Petitioner never filed either a direct appeal of his conviction or an appeal of the trial court's denial

---

[4] Mr. Fisher testified at Petitioner's sentencing hearing that "It was my intention to habitualize this defendant and put him in prison for ten years. I told him that's what I was going to ask for, and Ms. Devine told me today - - I did everything to habitualize this defendant except file a notice. And that's not his fault, that's mine. I didn't file it. And I'm not going to prejudice the defendant by saying, oh, you know, let's continue this, let's file it now. I'm not going to do that. I don't think it's fair to the defendant. ... I told Mr. Leath that I was going to ask for ten years because I'd had it and that I was going to habitualize him. I'm not habitualizing him. " (Ex. H at 11-12.)

[5] Petitioner's counsel advised him on the record at the change of plea hearing that "you understand that this is a plea open to the Court, which is essentially meaning that you are not entering into this plea with any agreement or recommendation from the State," to which Petitioner responded that he did understand. (Ex. G at 4.) Also at the change of plea hearing, the trial court directly stated to Petitioner "And you understand, Mr. Leath, if this case comes to the Court as open, meaning that there is no agreement, any sentence up to the maximum could be entered." (*Id.* at 8.)

[6] Petitioner initialed next to the last paragraph of the plea petition, which provided that "The Defendant and the State, pursuant to the provisions of Fla.R.Crim. P. 3.171, agree as follows: plea 'open' to court w/out an agreement from the State." (Ex. F at 4.)

*Case No: 1:08-cv-56-MP-GRJ*

of any of his postconviction motions.  Accordingly, Petitioner's claim for ineffective assistance of counsel is due to be denied  because (i) Petitioner was not sentenced as a habitual offender and thus suffered no prejudice if his counsel failed to inform him of the consequences of the State's intent to sentence him as a habitual felony offender and (ii) Petitioner's claim for ineffective assistance of counsel is procedurally defaulted.

### Recommendation

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that the amended petition for a writ of habeas corpus, Doc. 7, should be **DENIED,** and that a certificate of appealability should be **DENIED**.

**IN CHAMBERS** in Gainesville, Florida, on June 16, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**